I was conscious of that. Okay. Good morning. May it please the court, William W. Palmer appearing on behalf of himself as appellant. Can you speak? A little bit. Absolutely, Your Honor. I'm going to try a little to hear him. That's why. Good. Thank you. I'd like to reserve some time to respond. In the last two years, I've argued two Eleventh Amendment cases in front of the Ninth Circuit. The first was Taylor v. Wesley, 402. But we don't get to Eleventh Amendment necessarily until we get to everything else. Well, Your Honor, this is the plight of the appellant, who is me. I'm sorry? This is my plight. I served the State Government for four years as the General Counsel for the Department of Insurance. I then moved, transitioned over to another position in State Government as the Chief of the Conservation Liquidation Office. Over the ensuing six years, I've been called repeatedly to perform work for the State of California, subpoenaed to trials, told that I have to seek my own counsel despite a mandatory indemnification provision, and it's cost me and my family thousands of dollars. I guess the question is why did you file a contract action? Well, Your Honor, why you seem to have fallen into the, I noticed this in the answering brief, attempt to constitutionalize a contract claim. I have the ability to choose a form, and I chose Federal court because... Well, I understand that. But the representation that you had a plight that couldn't be remedied is sort of what you're saying. And although you may have a plight, and it sounds like you probably do, the question does come up why you chose this way of fixing it. Well, the reason I chose this way of fixing it because I have a mandatory statute that the State of California refuses to follow, and it's 825a. They've used the contract, the subsequent contract, as a way to dress this up as a contract claim. For four years, I was a civil servant with statutory rights given to me by the State of California. I would not have made millions of dollars of decisions if I'd been told that these statutory rights did not apply to me. And, in fact, as a general counsel of that agency, it was wrote, taken verbatim, that every former or current employee of the State was entitled to this mandatory statutory indemnification and defense. Well, I thought the payment somewhere in the brief used the term discretionary as to the amount of the payment. Is that true? Your Honor, I don't understand the question. I apologize. Well, you're relying on a statute. But I thought in the brief the requirement to pay for past conduct is discretionary. Therefore, if it's discretionary, it's not a constitutional right. It's a contract right. Respectfully, Your Honor, the statute is not discretionary. That's the position of the State official who does not wish to indemnify or defend me or my family. The statute says they shall provide a defense, shall indemnify. There is no discretion in the statute. There never was. They've taken a subsequent contract and dressed this up as some sort of constitutionalization of a contract claim. This is a straight-out taking. The State of California has no right to coerce me or force me to work on projects I don't want to work on. They can force me to pay for private attorneys who assist them. That's my money. Those are my assets. The case was also addressed, I also cited Cunningham v. Superior Court, which is a case similarly where the State of California tried to coerce an attorney to provide free legal services for indigents. The State court has no problem saying that that was a constitutional violation. I gather you have been paid some amount of money. I have paid probably $78,000 in legal fees, which I never should have paid. Yes. Out of pocket. You have been paid. You have been paid by the State. I've been paid. You've been paid nothing? I thought you were paid forward from some period. In one case, in all these cases that I'm discussing with you, Your Honor, California is a nation state. These are big cases. The Holocaust. Executive life. Lloyds of life. I know executive life. It comes back once in a year or so. But anyway, go ahead. I was a witness in that case. They paid me $100 an hour, and they provided an attorney. There was a case where they actually did. Of course, I bill $350 an hour, but they did pay me $100 an hour. The other cases that I cite, the Holocaust, I wrote the laws that became the treaties for the United States. I set up the treaties in Europe. Why on earth do I have to come back years later and work on the Holocaust project pro bono? I don't want to work on that anymore. Well, suppose you didn't. Suppose you said, no, I'm not doing it. They're not paying me. Well, it's interesting, because I didn't get a chance to get beyond the motion to dismiss stage, because I could have provided you with some of the letters that I've received, such as one in which they say, Mr. Palmer announced to the world that he worked pro bono on the Holocaust. Therefore, he must work, continue to work pro bono. That's the, those are the facts. Those are the facts as pled. I'd like to reserve the balance of my time. I chose the Federal form because I saw what went on in State courts. I saw the way the AG worked in State courts. I saw the relationship they had with judges. And I felt that if I appeared before you, I would get a more objective form. And that's why I chose the Federal form. And I have standing to be here. Okay. Thank you very much, Mr. Palmer. Good morning. I'm Richard Manford, State of California Deputy Attorney General, appearing on behalf of John Garamendi in all capacities in which he has been sued. I'd like to speak first to immunity because I think that's dispositive. In his official capacities, and he had several, insurance commissioner, trustee and conservator of insurance companies subject to conservation. He was clearly a public official, an arm of the State of California, and therefore not a person. Is there any reason, just in terms of our decision-making processes, is there any reason. I'm sorry. Is there any reason why we are required to decide the 11th Amendment issue first? No. Is there a case law on that do you know? I'm sorry. In general, jurisdictional issues do have to, are threshold issues, and do have to be decided first. 11th Amendment issues are in some murky middle ground in that regard, and I know there have been cases in which the questions come up, but I don't remember how it's been resolved. Do you know that? Do you know whether there's any case law on whether 11th Amendment issues are threshold issues that need to be decided first? No. I took it because it just seemed to be introductory, and it was probably the briefing part of the remarks. You have no reason why we need to do it that way. Okay. Go ahead. Okay. Anyway, as an arm of the State, he's not a person within meaning of Section 1983. Go ahead. If we even assume here, which we can't, that there was a federal constitutional right that was violated, John Garamendi still has qualified immunity, because even if this Court were to find him. But he was also suing the CLO, whatever that is. I beg your pardon? He was also suing the CLO, claiming it's, in some respects, either independent of the State or has its own funding because it has a sort of victim or a funded account or something. Is that right? Beneficiaries. Right. Well, the complaint pleads that the CLO is a private corporation, which it is not, and the judicial motive. Let's assume it isn't. But if it is an organization that is a trustee, in a sense, for a bunch of citizens, is that what it is? Well, according to the insurance code, the insurance commissioner in his public official capacity as trustee and conservator is the head of the CLO, which would therefore make it as much an arm of the State as was its meaning the insurance commissioner. But there is still some realm of government agencies which have separate funding to the degree that it's not the public fisc and therefore not subject to the Eleventh Amendment. I know about the Board of Regents case, but that doesn't have sort of segregated money. It's still all coming from the State, or at least a lot of it is. If you had a sort of escheat kind of fund, and that's what you were going after with the Eleventh Amendment, whatever you're calling it, suppose you were just saying pay me out of that escheat fund or not, but that's the only money I'm going after. Probably not. So how do we know that's not what's happening here? Now, you may say, well, he doesn't have any right to be paid out of this escrow-like fund, but if he was limited to that as a request, he may win or lose, but there wouldn't be an Eleventh Amendment issue. Well, even still, I mean, this isn't private. We're not talking about private property that is eschewed to the State. We're talking about the assets of insurance companies which have, pursuant to superior court order, been ordered into the care, custody, control, and trust of the insurance commissioner in his official capacity as head of the CLO. I beg your pardon? Essentially for the benefit of the policyholders. And creditors, yes. So it's like a bankruptcy, essentially. And I assume that a bankruptcy estate, even if administered by a government-appointed official, as it often is, is not subject to sovereign immunity. It may be that you can't get the money for some statutory or other reason, but it's not subject to Eleventh Amendment. Okay. I understand, but I think our situation is sufficiently different from what the Court is describing, that the Eleventh Amendment does apply. But if I may, I'll move on to what really is the substantive issue here, and that is that under the Fifth Amendment, the complaint alleges that the failure to pay Mr. Palmer constitutes a governmental taking of his property without just compensation. The Fifth Amendment is as good as to State government only to the extent that the Fourteenth Amendment says so. And that says that the State shall, you know, not deprive any person of property without due process of law. Here, I understand Mr. Palmer's plight as it is pled, but he does not have a federally protected property interest in the payments he claims that are due. This is not an employment contract case where he had a right to the employment for a specified term and which could be terminated only for cause. He ceased to be an employee of the State of California, or of the CLO in June of 1999 when he voluntarily terminated his employment and went back to private practice. But the provision in the contract that we're here talking about is the one that said, regardless of the circumstances under which you. If the government said the following to him, you must work for us even after you're no longer an employee if we ask you to. We will pay you, but we are not providing any. This is my key thing. But if we don't pay you, there's nothing you can do about it. We don't have any State process for getting that money if we choose not to pay you. Would he not have a problem, a constitutional problem at that point? There is a State process. I understand that, but the way you were arguing it, it doesn't depend on that. I'm saying it doesn't depend on the existence of a State process. I didn't mean to convey that. Okay. I first started talking about the Fifth Amendment and then went to the 14th. But the difference here is that, yes, there is a State process for compensation that gives him all of the constitutional due process to which he is entitled. So nothing turns on whether he's an employee or isn't an employee. He's somebody who claims he was entitled to get paid money because of work he did. Right. And your real argument is, fine, go solicit in the State courts or in the State process even, claim-making process and so on. Bottom line, yes, I am, because there's no federally protected property interest in the payments that he claims are due. But then you're going back to the other point. In other words, I'm saying if there were no State process, why wouldn't there be a federally protected property interest? If the State said to him, I owe you, you work for me, I will pay you, but if I don't, we're not going to provide any process to get the money that we agree we owe you. Well, that assumes that you're... It has to turn on the existence of the process and not because there's no property right ever. Correct. Maybe I should have gone around in the other direction. Because of the existence of an adequate State process for just compensation, there is, therefore, no federal right that has been violated. If he gets just compensation. If he were to go to that system and they were to say, you know, we'll only give you 50 cents and a dollar, then he might have a claim. Correct. And that was the question that Your Honor posed at the beginning of the case. Why didn't you file a State court action? Well, the reasons, he may like to be in this forum, but because that's his preference doesn't give him a right to be here. The obvious reasons that he is filed here in federal court trying to turn this into a constitutional case, because in a State court action, he can't get punitive damages for breach of contract, there's no attorney fee right, he's got to go through the claims filing process, and so forth. His position here is no different from that of the sprinkler contractor in Lujan or the cemetery caretaker in Deborah, and just a plethora of cases which have held in situations where you have a service provider providing services pursuant to a contract. There is no constitutional protection there, whereas in a situation where you had a tenured teacher or an employee who had a contract for a fixed term which was terminable only for cause and the employer terminated it, can that rise to a constitutional level? I think we have your argument unless you have more to add. I'm sorry? I think we have your argument unless there's more you want to add. All right. Very well. Thank you. Thank you very much. Yes, Your Honors. Unfortunately, those aren't the facts of this case. I was not a vendor for the State of California. I was an employee. The statute is mandatory. I actually don't understand what difference that makes to this issue, because I didn't understand when he said it and I don't understand when you say it, because this isn't you're not trying to keep your job, whether you have one or not. What you're trying to do is get paid for work you did. No, it's not just that, Your Honor. It's that I do not want to have to pay for other people to work for the government. I do not want to have to hire lawyers like I have and spend $76,000. Okay. But the point is that you want to do this work, that you want to keep the position. What you want is that for any work you do, you want to get paid for it or any work that anybody else does for you. That's what you want. If the government tries to force me to work for the government, yes, I would like to be paid. That has nothing to do with the employment due process cases, because you're not trying to keep your job. You're just trying to get paid for whatever work you do. Two points, Your Honor. I'd like to be defended and indemnified for a claim that's asserted against me, and that's a mandatory statutory section. You cited the Sheet cases. I argued both of those. The second site is Seaver v. Wesley, 439 Fed 3, 1142. Both of those cases discussed mandatory statutes that were not followed. Judge Kleinfeld in the Taylor case and Judge Bea in the Seaver case noted that when a statutory official does not follow the law, a mandatory statute, he's in essence no longer a state official. He's acting ultra-virus of the statutes. How do you distinguish the Lujan case? The Lujan case dealt with a, as I recall, an environmental group that was asserting general rights to protect wildlife. It's a different Lujan case, not that Lujan case. If I could give a couple more sites before I sit down for consideration. Duke v. Davis, Duke Energy v. Davis, 266. Are these in your brief? Yes, they are. All right. You discussed the representative capacity in which I sued the insurance commissioner. That is Excess and Casualty Reinsurance Association v. Insurance Commissioner of California. Standing was proper in that case. I need to emphasize that I'm not arguing about employment under a contract. I'm arguing that I'm entitled to defense and indemnification under State laws that are mandatory State laws. That's the essence of it. It's not about dressing up a contract as a constitutional case. It's being – having claims asserted against me, being subpoenaed in cases, being potentially sued in cases, and me and my family having to pay money because of these cases. Is this – there is no discretion in the statute. They point to the contract, which I was under for one year, and say, well, there's – there's discretion under this contract for one year, so we don't have to pay you. They're not – but then they sidestep all the discussion under the government code that provides me with these rights, which they refuse to acknowledge. If anything, I would have a standing under Ex parte Young to basically stop the State from bothering me.
judges: Bright, D.W. Nelson, Berzon